BOARD OF TRUSTEES OF POLICEMEN'S AND FIREMEN'S RETIREMENT FUND OF the CITY OF LEXINGTON, Kentucky, et al., Appellants,

v.

Aubrey L. NUCKOLLS, Appellee.

Court of Appeals of Kentucky.

May 12, 1972.

Richard S. Smith, Corp. Counsel, D. Terrell Sherman, Lexington, for appellants.

H. Wayne Riddle, Miller, Griffin & Marks, Lexington, for appellee.

GARDNER, Commissioner.

It was adjudged by the Fayette Circuit Court that Aubrey L. Nuckolls was entitled to benefits payable from the Policemen's and Firemen's Retirement Fund of the City of Lexington based on total and permanent occupational disability. The trustees of the fund appeal. We affirm.

Nuckolls was employed by the fire department on February 1, 1960. Prior to that time he had no history of heart trouble. In March 1968 Nuckolls' physician discovered that he had arteriosclerotic cardiac disease manifested by angina pectoris and advised him to quit work. There was no question of Nuckolls' total and permanent disability. The main question considered by the lower court in its first judgment was whether his was an *occupational* disability entitling him to benefits under KRS 95.862 The court at first upheld the decision of the Board of Trustees of the Policemen's and Firemen's Retirement Fund denying the application for benefits on the ground that Nuckolls had not shown by clear and satisfactory evidence that the determination by the board was unreasonable or unlawful. See KRS 95.883(3) (d). Nuckolls filed a notice of appeal.

Soon after the entry of the judgment denying Nuckolls' claim the City of Lexington amended an ordinance to provide that it would operate under the provisions of KRS 79.080 insofar as the statute provided that "Any plan adopted shall provide that any officer or member of a paid fire or police department who has completed five (5) years or more as a member of the department, but who is unable to perform his duties by reason of heart disease or any disease of the lungs or respiratory tract, is presumed to have contracted his disease while on active duty * * *." The amended ordinance was retroactive to June 16, 1966.

Immediately after passage of the amended ordinance Nuckolls moved the court to set aside the judgment under CR 60.02, which provides that upon motion the court may relieve a party from its final judgment for " * * * (6) any other reason of an extraordinary nature justifying relief," and to permit him to file an amended complaint. Notice of the motion was served on counsel for the trustees. Subsequently an order was entered sustaining the motion and the order carried a penciled notation by the judge that counsel for the trustees did not appear. The order further fixed the time for filing an answer and a time for filing respective briefs. The order was endorsed by counsel for both sides, thereby waiving notice of its entry. The amended complaint was filed and set forth the provisions of the amended ordinance and asked that Nuckolls be declared totally and permanently disabled because of heart disease, based on the presumption contained in the amended ordinance. The trustees made no response either by answer or brief and the court entered a new judgment allowing Nuckolls' claim. The judgment was endorsed by counsel for both sides who waived notice of its entry. Subsequently the trustees filed a notice of appeal.

Appellants, the trustees of the fund, contend (1) the case is not of such an extraordinary nature as to warrant utilization of

CR 60.02(6), and (2) the amended ordinance was invalid because it imposed a retroactive presumption of the cause of disability, thereby modifying the contract between the members of the retirement fund so that the actuarial soundness of the program would be eroded.

■ We do not decide these issues because they were not presented in the lower court. It was incumbent upon the trustees to defend the action at the trial level.* As stated in CR 46: " * * * it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court, * * *." The trustees were duly notified of the proceedings, they failed to respond and offered no excuse for their failure and, in fact, endorsed the entry of the judgment, thereby signifying they were apprised of the action taken. They first raised the objections in this court, which is too late.

It has been called to our attention that Nuckolls failed to notify this court of the proceedings under CR 60.02. It is provided by CR 60.04:

"If a proceeding by motion or independent action is commenced under Rule 60.02 or 60.03 while an appeal is pending from the original judgment in the Court of Appeals and prior to the time an opinion is rendered, the party commencing such proceeding shall promptly move the Court of Appeals to abate the appeal until a final order is entered therein. When the trial court has entered such final order, the party who moved for abatement shall promptly file with the clerk of the Court of Appeals a certified copy thereof."

■ When is "an appeal pending"? Is it when the notice of appeal is filed? or when the record is received by the Court of Appeals? or when the case is docketed? or when the bond for cost is filed? The question cannot be answered by saying the appeal begins when the lower court loses jurisdiction for that is but another way of presenting the problem. For some purposes either the Court of Appeals or the circuit court has the right to act. For example, it is provided in CR 75.08 that after a record has been transmitted to the Court of Appeals the circuit court or the Court of Appeals may correct the record. Another example is that either court may extend the time for filing the record on appeal. CR 73.08. Cf., Germann Bros. Motor Transp. v. Flora, Ky., 262 S.W.2d 821 (1953). There is no fixed time as to when "an appeal is pending" covering all situations. It is not determinable without looking at the facts of an individual case and defining the purpose for which the inquiry is made.

■ The obvious reason for requiring a movant under CR 60.02 to notify the Court of Appeals is to let the court know the motion is pending so it will not take further steps until the motion is adjudicated in a lower court. Since there was nothing more than the filing of the notice of appeal by Nuckolls, this court had not been called on to act. The motion, pursuant to CR 60.02, would not have upset the procedure in the Court of Appeals to any extent. We consider it not mandatory, therefore, in the instant case that Nuckolls move the Court of Appeals to abate the appeal until a final order was entered in the circuit court.

The trustees having failed to present any defense to the proceedings in the lower court subsequent to the entry of the first judgment, the circuit court acted within its province in entering the second judgment. We cannot entertain the defenses raised for the first time on appeal.

Judgment affirmed.

All concur.