**Julianne May YOUNG, Appellant,**

v.

**Lou May RICHARDSON, Charles M. Orr, Christie L. Orr, Clayton P. Orr and Phil M. Orr, Jr., Individually, as Independent Executor of the Estate of Martiele Orr and as Trustee of the Orr Family Trust, and Buena Vista, LLC, Appellees.**

No. 2006–CA–002441–MR.

Court of Appeals of Kentucky.

July 25, 2008.

As Modified on Denial of Rehearing Oct. 3, 2008.

Ridley M. Sandidge, Jr., Louisville, KY, for appellant.

D. Kevin Ryan, Louisville, KY, for appellee.

Before: STUMBO and TAYLOR, Judges; HENRY,[1] Senior Judge.

## OPINION

HENRY, Senior Judge (Assigned).

Julianne May Young appeals from an order of the Marion Circuit Court entered on September 27, 2006, which vacated a partial summary judgment and order entered on April 11, 2003.

This case has a lengthy procedural history which includes a prior appeal before this court. The underlying action concerns the propriety of a transfer of assets from two inter vivos trusts that were established in 1991 by the appellant's parents, Sam C. May and Julia May. Young and her sisters, Lou May Richardson and Martiele Orr, or their heirs in the event of their death, were the beneficiaries of the trusts. (The Orrs who are parties to the present appeal are the offspring of Martiele Orr, who died in April 2000.)

Julia May died in 1998. In 1999, Sam C. May created a limited liability company, Buena Vista, LLC. Shortly thereafter, he transferred an Advest brokerage account from the Julia C. May trust to Buena Vista. He also transferred title to two farms which were held in the Sam C. May Trust to Buena Vista. Five days later, he transferred his entire interest in Buena

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Vista to his three daughters in equal shares. Apparently, he made these transfers to Buena Vista for tax purposes. It should be noted that, according to our earlier opinion in this case, there was no question that his three daughters, or their heirs, would receive these assets. The ensuing dispute concerned the tax consequences of the transfers, and whether any of the assets would be subject to trust restrictions.

In 2001, Young attempted to transfer the Advest account to her mother's trust. In response, Richardson and Philip Orr filed a declaratory judgment action against her in Marion Circuit Court (02–CI–00057), and Buena Vista was joined as a third party defendant, seeking to uphold the transfers of assets made by Sam from the Julia C. May Trust and Sam C. May Trust to Buena Vista, to declare certain trust amendment and trustee resignations ineffectual, and requesting that Richardson be appointed the sole trustee of the Sam C. May Trust. Young counterclaimed, requesting the Court to declare the transfers from the two trusts to Buena Vista void, and to declare Young and Richardson co-trustees of the two trusts. On April 11, 2003, the trial court entered a partial summary judgment in favor of Young, in which it concluded that May had acted as a trustee without authority when he transferred the various assets from the trusts to Buena Vista. The summary judgment was appealed by Richardson, the Orrs, and Buena Vista. These appeals were consolidated. The opinion of the trial court was affirmed by this court on May 6, 2005. *See Richardson v. Young*, 2005 WL 1050569 (Ky.App. May 6, 2005) (2003–CA–001818–MR; 2003–CA–001848 and 2003–CA–001849–MR). The appellants filed a timely petition for rehearing on June 6, 2005.

The procedural posture of the case then became increasingly convoluted, largely due to events which took place on June 7, August 9 and December 7 in 2005.

On June 7, 2005, the parties met and signed a mediation memorandum in which they agreed to enter into a settlement agreement. The memorandum contained sixteen provisions, of which the following two are the most significant for purposes of this appeal:

All pending cases will be resolved in such a fashion to preserve the tax advantages attendant to utilizing Buena Vista, LLC.

Any dispute arising out of the estates, this agreement or the definitive settlement agreement shall be settled by binding arbitration.

On August 9, 2005, after we denied the petition for rehearing, Richardson filed a motion for discretionary review with the Supreme Court of Kentucky. The motion was held in abeyance by the Supreme Court three times in response to motions by Richardson, until September 7, 2006, when the Supreme Court entered an order denying any further abatement of the case.

On December 7, 2005, Richardson, the Orrs and Buena Vista filed a petition in Marion Circuit Court for relief from the April 11, 2003, judgment, relying upon CR 60.03 and 60.02(f). The movants asserted that there were documents relating to Sam C. May's transfer of the trust assets that had not been submitted for consideration to the trial court and which would have resulted in a dramatically different conclusion to the litigation—namely, that May's transfer of assets to Buena Vista was proper.

A week after the petition was filed, on December 15, 2005, the parties signed an agreed order which apparently represented an attempt to resolve all outstanding

issues in the three actions, one of which (Case No. 02-CI-00057) was the subject of a pending motion for discretionary review before the Supreme Court. The order was signed and entered by the Marion Circuit Court the same day. The order provided in part as follows:

The Memorandum executed by the parties on June 7, 2005 is hereby accepted as the settlement agreement of the parties and they shall follow its provisions. John L. Smith, retired attorney [of] Lebanon, Kentucky shall arbitrate disputes or other issues mentioned in said memorandum, subject to his agreement to accept said appointment. Otherwise, if the parties cannot agree to another arbitrator the court shall designate another arbitrator.

On January 17, 2006, Young moved the trial court to abate the proceedings in the CR 60.02(f)–60.03 action and moved for an extension of time to file a responsive pleading until further order of the court and pending the decision of the arbitrator as agreed by the parties in the December 15, 2005, order. The trial court denied the motion and set a briefing schedule. The parties proceeded to brief the action.

Then on June 1, 2006, the trial court entered an order which stated in pertinent part as follows:

On December 7, 2005, the Petitioners filed this action for relief from the April 11, 2003 partial summary judgment in case # 02–CI–00057. On January 20, 2006, the court set a briefing schedule. On February 2, 2006, the Petitioners filed form AOC–280 Notice of Submission.

The Petitioners claim equitable grounds pursuant to CR 60.03 and 60.02(f). The Petitioners claim that important documents were not previously agreed to nor considered by the Trial Court nor the Court of Appeals.

However, on June 7, 2005, the parties executed a memorandum of settlement of all of their pending cases at mediation. The disputes involve the estates of Julia C. May and Sam C. May. The express goal of the parties is to finalize the estates and to minimize the tax liability attendant thereto. The mediated agreement provides for binding arbitration of any dispute. On December 15, 2005, the parties executed an agreed order to fulfill their mediated settlement agreement. The Court has designated an arbitration team with expertise in estates, trusts and taxation.

The trial court granted Young's motion to abate the action pending arbitration, and ordered the parties to address the issues with the court-appointed arbitration team.

The parties met with the arbitrators on September 15, 2006. On September 26, 2006, the arbitrators presented a proposed order to the trial court to vacate the April 11, 2003, order. On September 27, 2006, the trial court entered the order vacating the 2003 judgment. It provided in pertinent part that

1. The pleadings filed by the Respondents herein in response to Petitioner's motion for relief pursuant to CR 60 are violative of the obligations of the respondents, Julianne May Young and Meneese Wall, under the Settlement Agreement entered into by the parties on June 7, 2005 as affirmed by Agreed Order signed by the parties and entered in this Court on December 15, 2005.
2. The Court finds that there are sufficient grounds under 60.02 and 60.03 for the granting of relief from the Court's prior entry of partial summary judgment herein on April 11, 2003, which grounds include, but are not limited to, the agreement of the parties as to the proper resolution of this matter, as set

forth in the Settlement Agreement referenced above. Therefore the Court's prior partial summary judgment herein is hereby set aside in its entirety.

3. Further, as noted by the Petitioners in their briefs, this Court has substantial power to grant general equitable relief under CR 60, and the Court hereby exercises its discretion to utilize its inherent equitable powers to grant the requested relief in this case. It seems clear that Sam May intended to fund and then give away Buena Vista, LLC, so that his heirs could have the advantage of the preferential tax treatment of the assets transferred thereto, although (in Petitioners' words) he may have been clumsy in his attempts to do so. Given the agreement of the parties that all pending cases should be resolved in "such a fashion to preserve the tax advantages attendant to utilizing Buena Vista, LLC," it is appropriate for the Court to exercise its equitable powers of discretion to fulfill the intent of Mr. May in making these transfers to Buena Vista, LLC, as well as the intent of the parties in reaching their undeniably arms' length settlement of their dispute.

4. Therefore, the Court rules that the transfer of real estate and securities to Buena Vista LLC in October 1999 ... are valid and binding upon all of the parties in all respects for the reasons set forth in the Petition herein, which Petition is unopposed in light of the Court's ruling striking the pleadings of the Respondents that are violative [of] the Re-

spondents' obligations under the Settlement Agreement.

Julianne May Young filed a motion to alter, amend or vacate the September 27, 2006 order, arguing that it was signed less than ninety days from date of issuance contrary to the terms of Kentucky Revised Statutes (KRS) 417.160 of the Kentucky Uniform Arbitration Act. This motion was denied on October 23, 2006, and the notice of appeal was filed in this case on November 22, 2006. On November 15, 2006, the Supreme Court entered an order denying discretionary review of our May 6, 2005 opinion affirming the April 11, 2003 partial summary judgment.

█ The appellant argues that the trial court lacked subject matter jurisdiction to enter the September 27, 2006 order, granting CR 60.02(f) and 60.03 relief and vacating the partial summary judgment because the motion for discretionary review of the Court of Appeals' opinion affirming the judgment was then pending before the Supreme Court. The gist of the appellant's argument on this issue is that the filing of the notice of appeal divested the circuit court of subject matter jurisdiction, but that by abating the appeal the Kentucky Supreme Court re-conferred jurisdiction on the circuit court to rule on the 60.02(f)–60.03 motion; therefore, when the Supreme Court denied further abatements (on September 7, 2006) this temporary jurisdiction was again divested as the Supreme Court resumed consideration of the pending motion for discretionary review. While we disagree with this formulation in some important respects,[2] we agree that

2. As a preliminary matter we cannot fully agree with the appellant's characterization that the trial court lacked *subject matter* jurisdiction. None of the Kentucky cases discussing the divesting of jurisdiction of a trial court due to the filing of a notice of appeal refer to a divesting of subject matter jurisdiction. In some ways the character of the jurisdiction

divested more closely resembles *particular case* jurisdiction. The difference in the types of jurisdiction, while important for other purposes, is not directly implicated here because whatever the nomenclature it is clear that the filing of a notice of appeal divests the trial court of jurisdiction to rule on matters involved in the appeal while the appeal is pend-

the case presents a justiciable issue regarding jurisdiction.

Young contends that the trial court was not authorized to rule on the pending CR 60.02(f)–60.03 motion because the Supreme Court had denied any further motions to abate on September 7, 2006. But there is nothing in CR 60.04 (discussed in more detail below) which suggests that granting the motion to abate "authorizes" the trial court to proceed to consider pending CR 60.02–60.03 motions. The filing of the motion to abate merely gives notice to the appellate court that it might be prudent to stay consideration of the case because the trial court's decision could affect the outcome. "The obvious reason for requiring a movant under CR 60.02 to notify the Court of Appeals is to let the court know the motion is pending so it will not take further steps until the motion is adjudicated in a lower court." *Board of Trustees of Policemen's and Firemen's Retirement Fund of City of Lexington v. Nuckolls*, 481 S.W.2d 36, 38 (Ky.1972).

■ With this said, it is the law in Kentucky that, with certain narrowly circumscribed exceptions, the circuit court is divested of jurisdiction over a case when a notice of appeal is filed:

> As a general rule, except with respect to issues of custody and child support in a domestic relations case, the filing of a notice of appeal divests the trial court of jurisdiction to rule on any issues while the appeal is pending. *Hoy v. Newburg Homes, Inc.*, 325 S.W.2d 301 (Ky.1959) (trial judge had no jurisdiction to enter an order permitting the filing of an amended complaint); *Monsour v. Humphrey*, 324 S.W.2d 813 (Ky.1959) (trial

judge had no jurisdiction to enter an order amending the judgment); *Louisville & N.R. Co. v. Paul's Adm'r*, 314 Ky. 473, 235 S.W.2d 787 (1950) (trial judge had no authority to supplement the record on appeal). There is authority permitting a trial judge to rule on a motion filed in a criminal case while the case is pending on appeal, if the motion raises new issues, e.g., newly discovered evidence or ineffective assistance of counsel, which could not have been the subject of the direct appeal. RCr 10.06(2); RCr 11.42(1); *Wilson v. Commonwealth*, 761 S.W.2d 182 (Ky.App. 1988). That exception does not apply here, since all of Appellant's post-trial motions were filed before the attempted appeal. Thus, the order of May 29, 1998 was entered without jurisdiction and is a nullity.

*Johnson v. Commonwealth*, 17 S.W.3d 109, 113 (Ky.2000). Another such exception to the rule is recognized in CR 60.04, which provides as follows:

> If a proceeding by motion or independent action is commenced under Rule 60.02 or 60.03 while an appeal is pending from the original judgment and prior to the time an opinion is rendered by the appellate court, the party commencing such proceeding shall promptly move the appellate court to abate the appeal until a final order is entered therein. When the trial court has entered such final order, the party who moved for abatement shall promptly file with the clerk of the appellate court a certified copy thereof.

A slightly different procedure is followed in Federal courts.[3]

ing; *see, e.g., Johnson v. Commonwealth*, 17 S.W.3d 109, 113 (Ky.2000). *See generally Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky. 2007) and cases cited therein for a compari-

son and discussion of different types of jurisdiction.

**3.** In the Federal courts generally, although the filing of a notice of appeal deprives a

In our view the residual jurisdiction remaining in the trial court under these circumstances is limited in scope to consideration of only specifically authorized matters. For example the plain language of CR 60.04 envisions a trial court exercising its jurisdiction solely in those matters brought before it pursuant to CR 60. It does not contemplate any other actions by the trial court while an appeal is pending. And, our highest court has held that "[w]ant of jurisdiction, except of the person, cannot be waived and jurisdiction cannot be conferred by consent or agreement." *Thompson v. Commonwealth*, 266 Ky. 529, 99 S.W.2d 705, 706 (1936). Thus, the Marion Circuit Court was without authority to enter any orders, except to grant or deny the CR 60.02(f)–60.03 motion, from the time the notice of appeal was filed on August 29, 2003 until the Court of Appeals' opinion became final upon the Supreme Court's denial of discretionary review on November 15, 2006.[4] This would include the agreed order of December 15, 2005. The trial court exceeded the bounds of its authority in entering the agreed order, because not only was the substance of the order unrelated to the grounds raised in the CR 60.02(f)–60.03 motion, it directly concerned matters involved in the pending appeal. Indeed, any trial-court order entered while the appeal was pending which purported to affect matters involved in the appeal, was "a nullity." *Johnson* at 113.

Thus, even though the circuit court retained the narrow jurisdiction to rule on the CR 60.02(f)–60.03 motion, in this case the court's decision, rather than being responsive to the grounds raised in the motion, was instead expressly founded on the existence and terms of the invalid order of December 15, 2005. The motion for relief filed in the circuit court (by the appellees here) specifically requested relief pursuant to CR 60.02(f) and CR 60.03. CR 60.02(f) is the "catch-all" provision at the end of CR 60.02 which permits requesting relief from a judgment based on "any other reason of an extraordinary nature justifying

---

district court of jurisdiction of all issues involved in an appeal, district courts may still act "in furtherance of the appeal," may entertain motions on matters collateral to the issues on appeal, and may entertain and *deny* motions for relief from a judgment under Federal Rule of Civil Procedure 60(b), which is very similar to our CR 60.02. *See Mahone v. Ray*, 326 F.3d 1176, 1179–80 (11th Cir. 2003). However if the district court advises the parties that it is inclined to *grant* the motion, the movant must then petition the appellate court for a remand to confer jurisdiction so that the district court may act. *Id.* at 1180. We found no similar requirement in Kentucky cases or procedural rules.

4. It may be helpful to review some important dates in the litigation. Our opinion affirming the circuit court's April 11, 2003 partial summary judgment was entered on May 6, 2005. A timely petition for rehearing was filed, and an order denying rehearing was entered on July 11, 2005. Richardson filed a motion for discretionary review on August 9, 2005. The next action which took place was the filing in Marion Circuit Court, on December 7, 2005, of a petition for relief from the April 11 judgment pursuant to CR 60.02(f) and 60.03. One week later on December 15, 2005 the Marion Circuit Court signed and entered the Agreed Order which among other things memorialized the "Mediation Memorandum" and agreement of the parties affecting the same issues still pending on appeal. The first order of the Supreme Court abating consideration of the pending motion for discretionary review was not entered until thirteen days later, on December 28, 2005. That order stated in part that "[t]he unopposed combined motion of Mary Lou Richardson, et al., to abate the above-styled matter *pending a decision by the Marion Circuit Court on the movants' December 7, 2005 petition for relief under CR 60.03 and CR 60.02(f)* is hereby granted." (Emphasis added). The language of the abatement order reinforces our conclusion that the Marion Circuit Court retained jurisdiction *only* to rule on the pending motion.

relief." Relief under the section must be requested "within a reasonable time" rather than within one year after the judgment.[5] CR 60.03 provides in part that "Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds." The reasons stated by the trial court for its order granting relief from its earlier judgment were "the agreement of the parties as to the proper resolution of this matter, as set forth in the Settlement Agreement," the court's "inherent equitable powers to grant the requested relief in this case" and the court's conclusion that "it is appropriate for the Court to exercise its equitable powers of discretion to fulfill the intent of Mr. May in making these transfers to Buena Vista, LLC, as well as the intent of the parties in reaching their undeniably arms' length settlement of their dispute. . . ." *Order Vacating the Partial Summary Judgment and Order entered on April 11, 2003 in Civil Action No. 02–CI–00057,* Marion Circuit Court, (September 27, 2006). We do not find these reasons to be either "extraordinary" as required by CR 60.02(f) or "appropriate" within the meaning of CR 60.03. As we have noted, the circuit court retained jurisdiction *only* to rule on the CR 60.02(f)–60.03 motion. But the order of September 27, 2006 is only nominally concerned with CR 60.02(f)–60.03. The gravamen of the order is the equitable power of the court to effectuate the settlement agreement of the parties and the intent of Mr. May.

■ CR 60.02 "is designed to provide relief where the reasons for the relief are of an extraordinary nature." *U.S. Bank, N.A. v. Hasty,* 232 S.W.3d 536, 541 (Ky. App.2007). And in the same vein claimants filing independent actions under CR 60.03 "must (1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground-such as fraud, accident, or mistake-for the equitable relief." *Bowling v. Commonwealth,* 163 S.W.3d 361, 365 (Ky.2005). These rules provide for relief from a judgment, either by petition or independent action, in extraordinary circumstances where regular avenues of relief are foreclosed. We find no such circumstances here. Mindful as we are that litigation at the trial court level may include exigencies not apparent to reviewing courts from the record, we merely observe that appellate litigants may, and sometimes do, request leave from appellate courts to enter agreements or to dismiss appeals as settled. It is axiomatic that two courts cannot exercise jurisdiction over the same issue at the same time.

■ "The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth,* 32 S.W.3d 83, 86 (Ky.App.2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000). While

5. Young also argued in this regard that although the movants below specified CR 60.02(f) as the portion of the rule relied on, the specific relief requested was based on "mistake" and "newly discovered evidence," grounds which must properly be raised under CR 60.02(a) and (b). While this argument may have merit (because among other things the motion apparently was not filed within one year from the date of the judgment as required for grounds (a), (b) and (c) of CR 60.02) it is not necessary to decide it because of our ruling that the court abused its discretion in granting the order.

there is no indication that the trial court intended anything other than to arrive at an equitable resolution of this case, the decision was not supported by sound legal principles. The requirements of CR 60.02(f) and CR 60.03 were not met.

Because of our holding, we do not find it necessary to address the other arguments raised by the parties.

For the foregoing reasons, the September 27, 2006, order is reversed. This case is remanded to the circuit court for further proceedings in accordance with this opinion.

ALL CONCUR.