RENDERED:  MARCH 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0964-MR

GERALD WILLIAMS                                                APPELLANT


               APPEAL FROM MAGOFFIN CIRCUIT COURT
v.              HONORABLE THOMAS M. SMITH, JUDGE
               ACTION NO. 11-CR-00022


COMMONWEALTH OF KENTUCKY                       APPELLEE


AND                        NO. 2020-CA-0638-MR


GERALD WILLIAMS                                                APPELLANT


               APPEAL FROM MAGOFFIN CIRCUIT COURT
v.              HONORABLE THOMAS M. SMITH, JUDGE
               ACTION NO. 11-CR-00022


COMMONWEALTH OF KENTUCKY                       APPELLEE

# OPINION
## AFFIRMING

** ** ** ** **

BEFORE: DIXON, KRAMER, AND LAMBERT, JUDGES.

DIXON, JUDGE: Gerald Williams appeals the orders of the Magoffin Circuit Court, entered May 20, 2019, and April 24, 2020, respectively, denying his motions for post-conviction relief.[1] After careful review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On June 16, 2011, Williams was indicted on charges of rape first degree[2] and unlawful imprisonment first degree.[3] On September 14, 2012, Williams pled guilty to unlawful imprisonment first degree and an amended charge of rape second degree[4] in exchange for a fifteen-year sentence to be probated for five years. A judgment in accordance with the plea was entered on March 22, 2013. In April 2016, Williams's probation was revoked, and he was sentenced to serve fifteen years' incarceration.

---

[1] As the appeals arise from the same underlying criminal action and share a nexus of facts, we have elected to address the appeals simultaneously in this consolidated opinion.

[2] Kentucky Revised Statutes (KRS) 510.040, charged as a Class B felony.

[3] KRS 509.020, a Class D felony.

[4] KRS 510.050, a Class C felony.

Thereafter, Williams, *pro se*, filed several motions seeking to modify or vacate his sentence. Notably, on April 10, 2018, he filed an RCr[5] 11.42 motion asserting there was no factual basis to support his plea to rape second degree. This motion was promptly denied. Williams appealed, No. 2018-CA-0983-MR, but the appeal was later dismissed by this Court after Williams failed to file a brief.

On February 1, 2019, Williams filed a CR[6] 60.02 motion, again arguing that his conviction was improper because there was no factual basis to support his plea. On April 26, 2019, the circuit court entered an order scheduling a hearing on the motion. Williams then moved for the appointment of counsel. The CR 60.02 motion came before the court on May 15, 2019, where Williams appeared without counsel. After hearing arguments on the motion for relief, the court denied the motion as untimely and granted Williams's motion for appointment of counsel. No. 2019-CA-0964-MR is Williams's appeal of that order.

While his first appeal was still pending, Williams filed a motion pursuant to CR 60.02, CR 60.03, and the Eighth Amendment to the United States Constitution seeking relief from his sentence due to the SARS-CoV2 (COVID-19) pandemic and his poor health. This motion was also denied, and No. 2020-CA-

---

[5] Kentucky Rules of Criminal Procedure.

[6] Kentucky Rules of Civil Procedure.

0638-MR concerns that appeal. Additional facts will be introduced as they become relevant.

## STANDARD OF REVIEW

We review the denial of post-judgment motions for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## APPEAL NO. 2019-CA-0964-MR

In his first appeal, Williams asserts the court erred in denying his CR 60.02 motion by: (1) convicting him of a crime he could not have statutorily committed; (2) denying his motion as untimely; and (3) failing to appoint counsel prior to the hearing on his motion. We need not address these arguments in detail because the underlying claim is not properly before the Court.

While CR 60.02 does permit a court to relieve a movant from a judgment upon delineated grounds, it is only for relief that is not available by direct appeal or under RCr 11.42. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). A defendant is precluded from raising CR 60.02 claims which were, or reasonably could have been, raised by way of RCr 11.42 proceedings. *Id.* at 857.

-4-

A claim regarding the factual basis for a plea is one that reasonably could have been raised by RCr 11.42 proceedings. Further, here, Williams is attempting to relitigate a claim previously raised in his prior RCr 11.42 motion, which is impermissible. Accordingly, we will not disturb the trial court's order in this appeal.

## APPEAL NO. 2020-CA-0638-MR

In his second appeal, Williams argues the court erred in denying his motion to vacate or amend his sentence pursuant to CR 60.02, CR 60.03, and the Eighth Amendment to the United States Constitution. We disagree.

A court may, where it is just, relieve a party from a final judgment if it is demonstrated that reasons of an extraordinary nature justify such relief. CR 60.02(f). Williams, a 55-year-old man, asserts he has serious health concerns, noting that his gallbladder was removed in 2017 and that he has undergone daily treatments for serious liver trouble and chronic obstructive pulmonary disease (COPD) since July 2019. Williams argues that these health concerns, combined with the COVID-19 pandemic and the heightened vulnerability of the prison population, constitute an extraordinary circumstance and justify relief.

As the Commonwealth correctly noted in its brief, this Court has long held that CR 60.02 is limited in scope to "significant defect[s] in the trial proceedings or evidence at trial, etc., such that a 'substantial miscarriage of justice

will result from the effect of the final judgment.'" *Wine v. Commonwealth*, 699 S.W.2d 752, 754 (Ky. App. 1985) (quoting *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966)).[7] The Court reaffirmed this holding in *Ramsey v. Commonwealth*, and it further held that "physical ailments of a defendant are not tantamount to trial defects and therefore do not amount to claims of an extraordinary nature justifying (CR 60.02) relief." 453 S.W.3d 738, 739 (Ky. App. 2014) (internal quotation marks omitted). While Williams argues that the COVID-19 pandemic and the unique threats to the prison population distinguish his claim from *Ramsey*, his claims are nevertheless predicated upon factors unrelated to trial defects and, thus, exceed the scope of CR 60.02. Accordingly, the trial court did not abuse its discretion in denying relief under this provision.

In the alternative, Williams argues relief is appropriate pursuant to CR 60.03, which provides that "Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment . . . on appropriate equitable grounds." To be successful, a movant must: "(1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground—such as fraud, accident, or

---

[7] Court of Appeals held that the hardship appellant's family incurred as a result of appellant's incarceration was not proper grounds for CR 60.02 relief.

mistake—for the equitable relief." *Bowling v. Commonwealth*, 163 S.W.3d 361, 365 (Ky. 2005) (emphasis omitted), *abrogated on other grounds by Woodall v. Commonwealth*, 563 S.W.3d 1 (Ky. 2018).

Williams argues, and the Commonwealth agrees, that he bears no fault for his health problems or the COVID-19 pandemic; however, the Commonwealth asserts Williams has other available avenues of relief, such as administrative action to address the conditions of his confinement, and that he has failed to identify a recognized ground for relief. We agree. Williams does not address whether there are alternative avenues of relief. Moreover, the cited authority does not justify the application of CR 60.02 relief where Williams's health and the COVID-19 pandemic do not amount to fraud, accident, or mistake. As such, the court did not err in denying the motion.

Williams further maintains that his continued confinement violates the Eighth Amendment prohibition against cruel and unusual punishment where he is unable to take sufficient protective action against contracting COVID-19, given his heightened vulnerability for serious complications therefrom. While we are not insensitive to Williams's concerns, this argument likewise fails because the claim does not arise from the trial proceedings or the sentence itself but, rather, from the present conditions of Williams's confinement. Conditions of confinement claims are civil in nature; as such, the sentencing court is not the proper forum to address

them.  *See, e.g.*, *Ramsey*, 453 S.W.3d at 739 (CR 60.02 not the appropriate means for seeking relief on deprivation of desired medical treatment while incarcerated), and KRS 454.415 (inmates raising conditions of confinement claims must exhaust administrative remedies prior to seeking relief by civil proceedings).  Because we find that the sentencing court was not the correct forum to raise this claim, the court did not err in denying relief.

Finally, Williams argues the court erred by relying solely on the seriousness of his charges and in denying him an evidentiary hearing.  Even if the court's rationale were flawed, we have concluded Williams is not entitled to the requested relief, and we are permitted to affirm the court's decision based on any reason supported by the record.  *Fischer v. Fischer*, 348 S.W.3d 582, 591 (Ky. 2011), *abrogated on other grounds by Nami Res. Co., L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018).  As Williams is not entitled to relief, the court did not err in denying the motion without a hearing.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Magoffin Circuit Court denying Williams's post-conviction motions are hereby AFFIRMED.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEFS FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky