RENDERED:  FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1452-MR

ALAN BARNETT APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 14-CR-00375

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND TAYLOR, JUDGES.

CETRULO, JUDGE:  Appellant Alan Barnett ("Barnett"), *pro se*, appeals an order

of the Kenton Circuit Court denying his motion to vacate a judgment of conviction.

Upon review, we affirm.

## I.     Factual and Procedural History

In 2016, Barnett pled guilty to sodomy in the first degree and was sentenced to 17 years of imprisonment. In August 2021, more than four years after his final judgment, Barnett filed a CR[1] 60.02 motion to vacate his judgment due to ineffective assistance of counsel. More specifically, Barnett argued that his legal counsel, a public defender, failed to disclose the extent of her caseload to him, thereby perpetrating a fraud upon the proceedings. In November 2021, the trial court denied Barnett's motion,[2] holding: 1) it was not filed within a reasonable time; 2) his claims of ineffective assistance of counsel should have been raised by an RCr[3] 11.42 motion instead of a CR 60.02 motion; and 3) his assertions of fraud failed because he did not present sufficient evidence to support the claim. Thereafter, Barnett appealed.

## II.     Standard of Review

We review the denial of a CR 60.02 motion for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697 (Ky. App. 2008). "The test for abuse

---

[1] Kentucky Rule of Civil Procedure.

[2] The order on appeal states that the motion to vacate his judgment was brought "pursuant to CR 60.02 or 60.03 and the Eighth and Fourteenth Amendments to the United States Constitution[,]" but the order itself *only* specifically addresses CR 60.02.

[3] Kentucky Rule of Criminal Procedure.

of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citation omitted).

### III.    Analysis

On appeal, Barnett's line of reasoning is chaotic, but he repeats essentially the same argument presented to the lower court.  He contends that his legal representation was not effective because she did not disclose her caseload to him and they "never entered into a meeting of the minds."  He argues that this amounted to a "constructive fraud" upon the proceedings.  However, Barnett gives no specific facts or evidence to support his argument and seems to be under the mistaken belief that none is required.[4]  For example, he does not explain how his attorney's caseload affected his representation; he does not state any errors she made or poor guidance she gave him; nor does he challenge the specific legal conclusions reached by the trial court in the order on appeal.  Limiting our review to the order on appeal, we address Barnett's arguments within the confines of CR 60.02,[5] as did the circuit court.  *D.W. Wilburn, Inc. v. H&H Painting, LLC*, 648 S.W.3d 687, 693 (Ky. App. 2022) (citing *Fischer v. Fischer*, 197 S.W.3d 98, 102

---

[4] His appellate brief states he is "not required to show any evidence other than it was so procured."

[5] CR 60.02, states, in pertinent part, "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds:  . . . (d) fraud affecting the proceedings, other than perjury or falsified evidence; . . . .  The motion shall be made within a reasonable time[.]"

(Ky. 2006) ("An appellate court is without authority to review issues not raised in or decided by the trial court.")).

When the circuit court denied Barnett's motion to vacate his judgment, its analysis, in part, was as follows:

> "CR 60.02 allows appeals based upon claims of error 'that were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court.'" *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) (quoting *Young v. Edward Technology Group, Inc.*, 918 S.W.2d 229, 231 (Ky. App. 1995)). "The movant must demonstrate why he is entitled to this special, extraordinary relief." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). "The relief is extreme, limited, and reserved for those times when justice itself requires an avenue for the plight endured by the aggrieved party." [*Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017) (citation omitted)].
>
> A motion such as this one is required by the rule to be brought "within a reasonable time." "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." [*Gross*, 648 S.W.2d at 858]. The Kentucky Court of Appeals has held that "four years after he entered his guilty plea, was untimely." *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007). While this does not mean that four years under any circumstances must be held to be untimely, this court finds that in this case the motion has not been brought within a reasonable time.
>
> Additionally, "a defendant who is in custody under sentence or on probation, parole or conditional discharge, is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the

period when the remedy is available to him. [CR] 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could 'reasonably have been presented' by direct appeal or RCr 11.42 proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). [Barnett's] allegation that the caseload of his defense counsel was unduly high should have been presented pursuant to a motion pursuant to RCr 11.42 asserting ineffective assistance of counsel. CR 60.02 does not afford a remedy for the reasons presented.

Furthermore, [Barnett] has not presented sufficient evidence to support his claim of alleged fraud on the part of his counsel or of the Department of Public Advocacy which would have rendered the judgment void because of such fraud. "CR 60.02 requires *extrinsic* fraud or fraud upon the court. . . . Fraud upon the court is that species of fraud which does or attempts to subvert the integrity of the court itself. Such fraud has been construed to include only the most egregious conduct, such as bribery of a judge or a member of the jury, evidence fabrication, and improper attempts to influence the court by counsel. Generally, fraud between the parties, without more, does not rise to the level of fraud upon the court. . . . Further, extrinsic fraud does not include fraudulent representations or concealments made during court proceedings." *Goldsmith v. Fifth Third Bank*, 297 S.W.3d 898, 904 [] (Ky. App. 2009) [(internal quotation marks and citations omitted)]. Here, it cannot be said that the extent of the caseloads carried by the attorneys of the Department of Public Advocacy, which is well known to the court, would support a finding of "extrinsic fraud" or "fraud upon the court" as contemplated in CR 60.02(d).

There is no recognized ground for the relief sought here and CR 60.02 does not afford a remedy for the reasons cited by [Barnett]. The court does not find

[Barnett's] arguments to be sufficient reason to modify the judgment in this case.

We find no error, and no grounds to depart from or add to the circuit court's well-reasoned analysis. The trial court did not abuse its discretion when it found that there was no available remedy for Barnett through his CR 60.02 motion at this time.

## IV. Conclusion

In light of the foregoing, the order of the Kenton Circuit Court denying Barnett's CR 60.02 motion is AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Alan Barnett, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky