RENDERED:  OCTOBER 25, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0853-MR

MONTI LYNN LOPEZ-OLIVERA                                    APPELLANT


v.          APPEAL FROM HARDIN CIRCUIT COURT
            HONORABLE JOHN D. SIMCOE, JUDGE
            ACTION NO. 16-CR-00304


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND GOODWINE, JUDGES.

GOODWINE, JUDGE:  Monti Lynn Lopez-Olivera ("Lopez-Olivera"), proceeding

*pro se*, appeals from an order of the Hardin Circuit Court denying her motion for

relief from a judgment and sentencing order under CR[1] 60.02.  After careful

review, finding no error, we affirm.

The circuit court summarized the relevant background as follows:

---

[1] Kentucky Rules of Civil Procedure.

> Lopez-Olivera was indicted on charges of Complicity to Commit Murder, 2 counts of Complicity to Robbery 1st Degree, Complicity to Assault 2nd Degree and Complicity to Tampering With Physical Evidence on April 21, 2016. She entered a plea to the amended charges of Facilitation to Murder, 2 counts of Facilitation to Robbery 1st, Complicity to Assault 2nd and complicity to Tampering With Physical Evidence on December 22, 2016. She was sentenced to a total of 20 years in a judgment and sentencing order entered on November 19, 2017. Lopez-Olivera filed two motions for shock probation which were denied by this Court on February 15, 2018 and May 30, 2018. Prior to the filing of this motion on May 5, 2023, no other motions or appeals have been filed in this case.

Record ("R.") at 107.

On May 5, 2023, Lopez-Olivera filed a *pro se* post-conviction motion under CR 60.02 and CR 60.03 raising claims of actual innocence, ineffective assistance of counsel, and being coerced into a guilty plea. The circuit court appointed counsel, but the Department of Public Advocacy ("DPA") moved to withdraw on the basis that a reasonable person with adequate means would not pursue this action at her own expense. The trial court granted the DPA's motion.

On June 20, 2023, the circuit court denied Lopez-Olivera's motion finding her "motion itself could best be described as a shotgun approach to relief." R. at 107. The court found all of Lopez-Olivera's arguments "could have been addressed by a direct appeal or a motion pursuant to RCr[2] 11.42," and while

---

[2] Kentucky Rules of Criminal Procedure.

"completion of programs offered by the Department of Corrections" was "laudatory," it does not amount to "extraordinary circumstances that would merit setting aside her final judgment." R. at 109. This appeal followed.

We review the denial of CR 60.02 motions for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

On appeal, Lopez-Olivera argues the circuit court abused its discretion in denying her CR 60.02 motion because (1) the Commonwealth engaged in prosecutorial misconduct by threatening to prosecute her mother to coerce her plea; (2) trial counsel was ineffective regarding the guilty plea and not thoroughly investigating claims against her; and (3) cumulative error deprived her of her rights.

The circuit court found, and the Commonwealth argues, that all of Lopez-Olivera's claims could have been raised on direct appeal or in an RCr 11.42 ineffective assistance of counsel motion, and she is barred from raising them now. We agree.

Kentucky has a strict structure for seeking post-conviction relief:

> "The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not

haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) (footnote added). Relevantly, CR 60.02(e)-(f) provides that a court may relieve a movant from a judgment if it is void, or for other reasons of an extraordinary nature.

*Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. App. 2021) (footnote omitted).

Pertinent here is that "CR 60.02 is only for relief that is not available by direct appeal or under RCr 11.42. . . . Moreover, a defendant is precluded from raising claims which were, or reasonably could have been, raised in prior proceedings." *Id.* (citations omitted). Based on our review of Lopez-Olivera's arguments raised below and on appeal, claims of prosecutorial misconduct, plea coercion, and ineffective assistance of counsel could have reasonably been raised in a direct appeal or timely RCr 11.42 motion.[3] Thus, the circuit court did not abuse its discretion in denying Lopez-Olivera's CR 60.02 motion.

For the foregoing reasons, we affirm the judgment of the Hardin Circuit Court.

ALL CONCUR.

---

[3] Lopez-Olivera's motion was ineligible for consideration under RCr 11.42 as it was filed outside the three-year statute of limitations.

BRIEF FOR APPELLANT:

Monti Lynn Lopez-Olivera, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky