RENDERED: JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0125-MR

CURTIS SNELL                                          APPELLANT

                     APPEAL FROM KENTON CIRCUIT COURT
v.                   HONORABLE MARY K. MOLLOY, JUDGE
                     ACTION NO. 16-CR-00665

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: A. JONES, L. JONES, AND KAREM, JUDGES.

JONES, A., JUDGE: Curtis Snell appeals from the Kenton Circuit Court's order denying his motion for post-conviction relief pursuant to CR[1] 60.02. We affirm.

---

[1] Kentucky Rule of Civil Procedure.

# I. BACKGROUND

A full history of this case may be found in the Kentucky Supreme Court's unpublished opinion stemming from Snell's direct appeal. *Snell v. Commonwealth*, No. 2018-SC-000219-MR, 2020 WL 1846852 (Ky. Mar. 26, 2020). Briefly stated, Snell and his then-girlfriend, Jennifer Konkright, were at a Florence bar in 2016, when Konkright engaged in a physical confrontation with a female acquaintance, Linsey Kidwell. After Snell attempted to intervene in this dispute, he was attacked by four of Kidwell's friends, who happened to be members of the "Bad to the Bone" motorcycle gang. Bar bouncers eventually removed all combatants from the premises.

Later that evening, Snell and Konkright were driving their vehicle when they happened upon Kidwell's vehicle and began to follow her. Kidwell and Lamar Mills, one of the motorcycle gang members, were driving together; and three of Mills' fellow motorcycle gang members (Robert Smith, Willie Washington, and Jonathan Griffin) were driving along with them in a separate vehicle. At some point, Konkright's vehicle pulled alongside Kidwell's vehicle; several gunshots were fired from the window of Konkright's vehicle at the other two vehicles at close range; and one of those shots struck Kidwell in the thigh and abdomen. Snell claimed Konkright had fired the gun, but Kidwell and some of the motorcycle gang members identified Snell as the shooter to investigating officers.

Snell was ultimately indicted and tried in Kenton Circuit Court for five offenses stemming from this incident. These included four counts of first-degree wanton endangerment[2] that related, respectively, to Mills, Smith, Washington, and Griffin (who were inside the vehicles Snell allegedly shot at close range); and one count of first-degree assault[3] that solely related to Kidwell (whom Snell allegedly shot). The jury found Snell guilty of each count, and of being a first-degree persistent felony offender (PFO).[4] It recommended a consecutive sentence for all enhanced counts, totaling ninety years in prison, but the trial court ultimately reduced this recommendation to a maximum statutory sentence of seventy years' imprisonment.[5]

Snell appealed to the Kentucky Supreme Court and asserted sentencing errors, along with errors regarding the jury instructions, the denial of a lesser-included-offense instruction, and the denial of his motion to suppress an out-of-court identification. The Court affirmed. *Snell*, 2020 WL 1846852.

---

[2] Kentucky Revised Statutes (KRS) KRS 508.060.

[3] KRS 508.010.

[4] KRS 532.080.

[5] "In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]" KRS 532.110(1)(c)1.

On August 21, 2020, Snell moved to vacate his conviction and sentence pursuant to RCr[6] 11.42. He argued police had violated his right to remain silent and that trial counsel was ineffective for failing to challenge a third-party search warrant and for failing to object to the racial composition of the jury. The circuit court denied his motion, Snell appealed to this Court, and we affirmed. *Snell v. Commonwealth*, No. 2021-CA-1167-MR, 2022 WL 4391062 (Ky. App. Sep. 23, 2022) (unpublished).

On March 14, 2023, Snell then filed what is now the subject of our review, a motion pursuant to CR 60.02 seeking a sentence modification and a new trial. He raised four issues. First, he claimed his convictions for first-degree assault and first-degree wanton endangerment violated the prohibition against double jeopardy. Second, he argued his punishment was cruel and unusual. Third, Snell asserted he received inconsistent and erroneous verdicts due to alleged errors in the jury instructions, and that both his trial and appellate counsel were ineffective for failing to raise those issues. Fourth, he argued his trial counsel was ineffective for failing to pursue an extreme emotional disturbance ("EED") defense on his behalf. Snell also moved for an evidentiary hearing.

The circuit court denied Snell's motions in a final order of January 4, 2024. Its rationale, in sum, was that CR 60.02 afforded Snell no remedy because

---

[6] Kentucky Rule of Criminal Procedure.

Snell could have and should have asserted each of the issues set forth in his motion during his direct appeal or RCr 11.42 proceedings. This appeal followed.

## II. STANDARD OF REVIEW

We review the denial of CR 60.02 motions for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## III. ANALYSIS

Snell reasserts on appeal the substance of his CR 60.02 motion summarized above. With respect to double jeopardy, there appear to be two facets to his claim of error. First, he argues his convictions of first-degree assault and first-degree wanton endangerment violated double jeopardy because they constituted multiple punishments for a single course of conduct – in his words, the conduct of "shooting blindly out the window."[7] Second, he argues his "Assault conviction was inconsistent with the Wanton Endangerment conviction that derived from the same act of a bullet hitting Kidwell while Mills was next to her."[8]

---

[7]Appellant Brief at 4.

[8] *Id*.

-5-

Snell misunderstands the law and ignores the facts underpinning his convictions. Double jeopardy is not violated "when the single act or course of conduct constitutes an offense against more than one person." *Alexander v. Commonwealth*, 766 S.W.2d 631, 632 (Ky. 1988). Thus, if a single act of a defendant causes the death of two persons, the defendant can be convicted of two murders without triggering double jeopardy. *Id.* If a defendant's single gunshot into an occupied house kills one occupant and wantonly endangers another, the defendant can be convicted of the murder of the one occupant and the wanton endangerment of the other. *Id.* Indeed, three gunshots into a home occupied by nine people can warrant nine counts of wanton endangerment. *See Paulley v. Commonwealth*, 323 S.W.3d 715, 724 (Ky. 2010).

With that in mind, Snell's shooting of the bullet that hit Kidwell *while Mills was next to her* was properly considered a first-degree assault upon Kidwell *and* a first-degree wanton endangerment of Mills. Moreover, regardless of whether "shooting blindly out the window" of a car qualifies as a single act or course of action, Snell shot blindly, and *repeatedly*, at *five people* at close range while they were occupying nearby vehicles. Snell was convicted of one offense per person, and his convictions did not violate double jeopardy because they stemmed from actions he took that were offenses against each of those people.

-6-

With respect to cruel and unusual punishment, Snell cannot and does not argue that his sentence was outside the maximum prescribed by the statutes he violated. Absent that, courts generally will not disturb the sentence. *Riley v. Commonwealth*, 120 S.W.3d 622, 633 (Ky. 2003).

Snell's remaining two arguments are equally meritless. However, it is enough to say that even if his counsel was ineffective for either failing to object to what he believes were improper jury instructions or his inconsistent verdicts, or for failing to raise an EED defense for him at trial, those should have been issues he raised either at trial, during his direct appeal, or in the course of his RCr 11.42 proceedings. And that, in turn, highlights the overarching problem affecting the entirety of this appeal: *All* of the arguments Snell now makes under the auspices of CR 60.02 could have been and should have been raised in prior proceedings, yet they were not.

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). CR 60.02 is only a means of securing relief that is not available by direct appeal or under RCr 11.42. *Gross*, 648 S.W.2d at 856. Specifically, CR 60.02:

allows appeals based upon claims of error that were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court. CR 60.02 is the codification of the common law writ of coram nobis, which allows a judgment to be corrected or vacated based upon facts or grounds not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the parties seeking relief.

*Barnett v. Commonwealth*, 979 S.W.2d 98, 101 (Ky. 1998) (internal quotation marks and citations omitted).

The issues Snell raised in his CR 60.02 motion existed and were easily discoverable when the circuit court entered its final judgment convicting him on March 30, 2018. As stated, Snell could have raised these issues during his sentencing, his direct appeal, or his RCr 11.42 appeal. Snell clearly fails to present claims that were "unknown and could not have been known" at those times. *Id*. The circuit court's decision to deny his 60.02 motion on that basis was, accordingly, based on sound legal principles and not arbitrary.

## IV. CONCLUSION

Considering the foregoing, we AFFIRM.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Curtis Snell, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky