Gary HOSKINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2003–CA–002787–MR.

Court of Appeals of Kentucky.

Jan. 21, 2005.

Case Ordered Published by Court of Appeals March 4, 2005.

---

Rebecca Ballard DiLoreto Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Matthew D. Nelson, Assistant Attorney General, Frankfort, KY, for appellee.

Before BARBER, BUCKINGHAM, and HENRY, Judges.

## OPINION

BUCKINGHAM, Judge.

Gary Hoskins appeals from an order of the Harlan Circuit Court denying his motion for correction of sentence filed pursuant to CR [1] 60.02(f). We conclude that the circuit court properly denied Hoskins's motion and thus affirm.

As a result of an incident that occurred on May 19, 1990, Hoskins was indicted by a Harlan County grand jury on charges of murder, first-degree robbery, first-degree burglary, and first-degree arson. In accordance with a plea agreement with the Commonwealth, he pled guilty to complicity to commit murder and complicity to commit first-degree burglary. The robbery and arson charges were dismissed. A final judgment sentencing Hoskins to 25 years on the murder charge and 10 years on the burglary charge, with the sentences to run concurrently with each other, was entered by the court on March 17, 1994, as amended by an order clarifying the judgment entered by the court on September 19, 1994.

On December 6, 2002, Hoskins filed a CR 60.02(f) motion to correct his sentence. As grounds for the motion, Hoskins argued that he has been incorrectly classified as a violent offender by the Department of Corrections, thus resulting in a longer period of time before he will be eligible for parole consideration than had he not been so classified. The circuit court entered an order on November 13, 2003, denying Hoskins's motion. The court reasoned that "[w]hether or not the Defendant's pleas of guilt caused him to be classified as a violent offender was not a part of the plea agreement and had no bearing on the sentence and is not a matter which the Court can correct." This appeal by Hoskins followed.

Under the latest version of KRS [2] 439.3401, violent offenders who have been convicted of a capital offense such as murder or of a Class B felony such as first-degree burglary must serve 85% of their sentence before being considered for parole. KRS 439.3401(3). However, the current version of the statute applies only to persons who committed offenses after July 15, 1998. KRS 439.3401(6). Therefore, the current version of the statute is not applicable to Hoskins's case.

Under the prior version of the statute that became effective in 1991, violent offenders convicted of a capital offense could not be considered for parole until they had served at least 50% of the sentence. KRS 439.3401(3) (prior 1991 version). The 1991 version of the statute stated that it applied only to those persons who committed offenses after July 15, 1986. KRS 439.3401(4) (prior 1991 version). Therefore, reading the current version of the statute together with the 1991 version, it appears that Hoskins would have to serve

1. Kentucky Rules of Civil Procedure.

2. Kentucky Revised Statutes.

12½ years of his sentence before being considered for release on parole.[3]

Following the 1991 version of KRS 439.3401, the following note was added:

NOTE: 1991 1st Extraordinary Session, Chapter 3, Section 2, eff. 2–15–91 reads: The amendment of subsection 3 of Section 1 of this Act shall apply to those persons who commit offenses after the effective date of this Act.

Hoskins therefore argues that the 1991 version of KRS 439.3401(3) does not apply to him because the legislature intended, as evidenced by the note following the statute, that subsection (3) only apply to persons who committed offenses after the effective date of the statute. He argues that any attempt to apply that statute to him would be unlawful as an ex post facto law. *See Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).

While arguing that the 1991 version of KRS 439.3401(3) does not apply to him because it is to be applied only prospectively, Hoskins further argues that he does not fall under the provisions of KRS 439.3401(2), which he contends acts retroactively, or any other part of the statute. Furthermore, Hoskins argues that he does not fall within any of the provisions of the 1986 version of KRS 439.3401. Therefore, he asserts that the violent offender statute does not apply to his case and that his parole eligibility is governed by the parole rules in 501 KAR[4] 1:030 Section 3(1)(a). Thus, Hoskins states that he was entitled to parole consideration after serving 20% of his 25–year sentence.

The Commonwealth argues two points in response to Hoskins's contentions. First, the Commonwealth argues that Hoskins's CR 60.02 motion was not brought within a reasonable time as required by the rule. Second, it argues that prior to 1998, violent-offender classifications were made administratively by the Department of Corrections and were not judicial determinations. This was apparently the circuit court's view.

Effective July 15, 1998, KRS 439.3401(1) was amended to state that "[t]he court shall designate in its judgment if the victims suffered death or serious physical injury." The effect of this language is that courts make the factual determination necessary for the Department of Corrections to determine whether to classify the inmate as a violent offender. Prior to the 1998 amendment to the statute, the statute made no mention of any findings by the court or other participation whatsoever by the court in the classification process.

Hoskins acknowledges in his reply brief that "[i]t may be that one avenue of relief for Appellant is through administrative review, leading then back to a judicial determination." He then argues that principles of judicial economy would not be served by rejecting the appeal on the ground that he had failed to exhaust his administrative remedies. He asserts that the issue will ultimately be resolved by the courts, whether at this time or pursuant to an appeal following an administrative proceeding.

■ The Commonwealth has correctly noted that the violent-offender classification imposed on Hoskins upon his being received into the prison system following his conviction and sentence was an action taken by the Department of Corrections

---

**3.** In light of *Sanders v. Commonwealth*, 844 S.W.2d 391 (Ky.1992), Hoskins would actually be eligible for parole consideration after serving 12 years in prison rather than 12½ years.

**4.** Kentucky Administrative Regulations.

and not by the sentencing court.[5] In fact, even if Hoskins had been sentenced after the effective date of the 1998 version of the statute, the decision concerning whether or not to classify Hoskins as a violent offender would be made by the Department of Corrections. The circuit court's only role is to make the factual determination set forth in KRS 439.3401(1).

We agree with the Commonwealth that Hoskins's attack on his violent-offender classification is not procedurally correct. As noted by the Commonwealth, it appears that the correct path for Hoskins to have taken was to proceed against the Department of Corrections with an original action before the Franklin Circuit Court.[6] In short, the Harlan Circuit Court correctly denied Hoskins's CR 60.02 motion.

The order of the Harlan Circuit Court is affirmed.

ALL CONCUR.

---

**5.** "[P]arole is a matter of legislative grace or executive clemency." *Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky.1999).

**6.** *See Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky.App.1997) ("A petition for declaratory judgment has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department").