RENDERED:  SEPTEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0539-MR

TIMOTHY HOOD                                           APPELLANT


            APPEAL FROM BRECKINRIDGE CIRCUIT COURT
v.               HONORABLE KENNETH H. GOFF, II, JUDGE
                  ACTION NO. 06-CR-00090


COMMONWEALTH OF KENTUCKY                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, A. JONES, AND MOYNAHAN, JUDGES.

JONES, A., JUDGE:  Acting without the assistance of counsel, the Appellant, Timothy Hood, appeals the Breckinridge Circuit Court's March 14, 2024 Order denying his CR[1] 60.02 motion for relief from final judgment.  Having reviewed the record and being otherwise sufficiently advised, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# I. BACKGROUND

On June 28, 2006, while being held on felony charges at the Breckinridge County Detention Center, Hood walked away from the facility without authorization. He was subsequently charged with second-degree escape under KRS[2] 520.030, and a warrant was issued for his arrest.

Later that day, Hood assaulted a woman by grabbing her throat and threatening her before stealing her vehicle. Police Officer Mike Harned spotted Hood driving the stolen car and attempted to stop him, but Hood fled, leading Officer Harned and several others on a high-speed chase. The pursuit ended with Hood's arrest.

As a result, Hood was also charged with first-degree robbery (KRS 515.020), first-degree fleeing or evading police (KRS 520.095), first-degree wanton endangerment (KRS 508.060), two counts of first-degree criminal mischief (KRS 512.020), and being a first-degree persistent felony offender (KRS 532.080(3)).

Hood initially pleaded not guilty to all charges. However, on February 8, 2007, he moved to withdraw his plea and enter a guilty plea. In exchange, the Commonwealth agreed to dismiss the first-degree persistent felony offender charge. The trial court found that Hood's plea was knowing, voluntary,

---

[2] Kentucky Revised Statutes.

and made with the assistance of counsel, and accordingly accepted Hood's guilty plea on the remaining charges. Hood was sentenced as follows: three years for second-degree escape; twelve years for first-degree robbery; three years each for first-degree fleeing or evading police, first-degree wanton endangerment, and each of the two counts of first-degree criminal mischief. The court ordered the sentences to run partially concurrently and partially consecutively, for a total of fifteen years. The fifteen-year sentence was also to run consecutive to any sentence imposed by the same or another court prior to February 8, 2007.

On December 20, 2023, Hood filed a *pro se* motion to amend the judgment under CR 60.02. He first argued that the Commonwealth had breached the plea agreement, claiming he was led to believe he would be eligible for parole after serving seven months on the three-year sentences. In reality, however, he was not eligible until he had served thirty-five months. He also challenged the Department of Corrections' calculation of his parole eligibility date, asserting it violated various statutes and regulations and resulted in a manifest injustice. On March 1, 2024, Hood filed a supplemental CR 60.02 motion adding a complaint about how the Department of Corrections calculated his parole eligibility under the violent-offender statute.

By its order entered on March 14, 2024, the trial court denied Hood's motion, stating as follows:

-3-

On February 8, 2007, [Hood] was sentenced to 15 years. The sentence of fifteen years expired on February 8, 2022. This court does not have jurisdiction with respect to any other sentence [Hood] may be serving or whether these sentences are to be consecutively served. The Department of Corrections, in memorandum dated October 16, 2023, advised the defendant that his parole eligibility was correct. This court is without jurisdiction to modify a sentence which has been served and any appeal of the Department of Corrections sentencing calculation must be filed against the Department of Corrections. It appears that appeal was filed October 18, 2023.

(Record (R.) at 207.)

This appeal followed.

## II. STANDARD OF REVIEW

We review the denial of CR 60.02 motions for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## III. ANALYSIS

To the extent Hood seeks to challenge his original plea based on alleged misrepresentations regarding his parole eligibility, his claim is untimely. Motions under CR 60.02(e) and (f) must be filed "within a reasonable time." In *Reyna v. Commonwealth*, 217 S.W.3d 274 (Ky. App. 2007), we acknowledged that

-4-

relief under CR 60.02 may be available to a defendant who was misinformed about collateral consequences of a guilty plea, such as deportation. However, we held the defendant's motion was untimely because it was filed four years after the plea and only after the defendant had completed his sentence. The same result is warranted here. Hood waited nearly seventeen years after entering his guilty plea before seeking relief. Under these circumstances, his motion was not filed within a reasonable time and must be denied as untimely.[3]

Additionally, we agree with the trial court that CR 60.02 is not the proper vehicle for Hood to challenge his parole eligibility date. Once a sentence "is imposed and a defendant is remanded to the custody of the Department of Corrections, the Kentucky Parole Board [] has sole responsibility for determining parole eligibility." *Conn v. Kentucky Parole Board*, 701 S.W.3d 76, 79 (Ky. 2024).[4] The "correct path for [Hood] to have taken was to proceed against the

---

[3] The trial court concluded that Hood had already served out his fifteen-year sentence stemming from the February 8, 2007 convictions when it considered his CR 60.02 motion. However, we are not certain that is correct. As noted, the fifteen-year sentence was ordered to run consecutive to any sentence imposed prior to that date. Hood had previously been convicted and sentenced on several charges, including a ten-year first-degree robbery conviction entered on July 5, 2006, in Jefferson Circuit Court. As a result, it is unclear whether the fifteen-year sentence had actually been completed when the trial court ruled. Nevertheless, any error on this point is harmless. Regardless of whether the sentence was still technically running, Hood waited more than seventeen years after his plea to seek relief. That delay alone renders his CR 60.02 motion untimely.

[4] The Kentucky Supreme Court explained:

> Once a prisoner is turned over to the Department of Corrections for execution of the sentence, the power to determine the period of incarceration passes to the

Department of Corrections with an original action before the Franklin Circuit Court." *Hoskins v. Commonwealth*, 158 S.W.3d 214, 217 (Ky. App. 2005) (affirming the trial court's dismissal of the defendant's CR 60.02 motion); *Mason v. Commonwealth*, 331 S.W.3d 610, 629 (Ky. 2011) ("We decline, therefore, to order the Department of Corrections—which has not been made a party to this appeal and is not properly before us to either defend its action or to confess error— to take any affirmative action with regard to Mason's offender classification or parole eligibility. Mason is free to file a separate action against the Department of Corrections, such as a declaratory judgment action, seeking to have his parole eligibility recalculated.").

In sum, Hood's motion is both untimely and procedurally improper. To the extent he challenges the validity of his guilty plea, his delay of nearly seventeen years bars relief under CR 60.02. To the extent he disputes the Department of Corrections' calculation of his parole eligibility date regarding any sentences he may still be serving, his claim must be raised in a separate action against the Department, not through a CR 60.02 motion. Accordingly, we affirm

executive branch. Only on appeal of an administrative action should the judicial branch become involved in the executive branch's legitimate exercise of its power to execute sentences.

*Jones v. Commonwealth*, 319 S.W.3d 295, 300 (Ky. 2010) (footnote omitted).

the Breckinridge Circuit Court's March 14, 2024 Order denying Hood's CR 60.02

motion for relief from final judgment.


ALL CONCUR.


BRIEF FOR APPELLANT:

Timothy Hood, *pro se*
Pineville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky