RENDERED:  JANUARY 16, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0615-MR

HUNTER BASS                                                                 APPELLANT

APPEAL FROM BALLARD CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 24-CR-00024

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, L. JONES, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Hunter Bass appeals from a judgment of the Ballard Circuit

Court sentencing him to five years' imprisonment for reckless homicide.  We

affirm.

The facts underlying Bass's conviction are not germane to the

extremely narrow issue before us.  A Ballard County grand jury indicted Bass in

March 2024 for wanton murder.  In March 2025, a jury found Bass guilty of

reckless homicide. Bass then filed a motion asking the trial court to note in the forthcoming final judgment that he was not a violent offender.

Bass's motion was based on the fact that amendments to Kentucky's violent offender statute, Kentucky Revised Statute (KRS) 439.3401, took effect on July 15, 2024 (after he committed the offense but before he was convicted). Bass argued applying the 2024 amendments to him would be an *ex post facto* violation.

Previously, KRS 439.3401(1)(c) provided in relevant part that a violent offender included a person who was convicted of "[a] Class B felony involving the death of the victim or serious physical injury to a victim[.]" But reckless homicide is a Class D felony under KRS 507.050. Now, KRS 439.3401(1)(b)1. provides in relevant part that a person is a violent offender if he or she is convicted of "[a] felony involving the death of the victim or serious physical injury to a victim[.]" Bass's offense resulted in the victim's death, so he would facially be a violent offender under the new version of the statute.

If Bass is classified as a violent offender, he must serve 85% of his sentence before first becoming eligible for parole under KRS 439.3401(4); if Bass is not classified as a violent offender, as a person convicted of a Class D felony, he must serve only 15% of his sentence before first becoming eligible for parole under KRS 439.340(3)(a). The trial court denied Bass's motion because it concluded

classifying an inmate as a violent offender was a matter reserved for the Department of Corrections. Bass then filed this appeal.

Bass argues that his being classified as a violent offender would be an improper retroactive application of the 2024 amendments to KRS 439.3401. The Commonwealth disagrees. However, we perceive that the narrow issue properly before us is only whether the trial court properly denied Bass's motion—not the underlying merits of whether Bass should be classified as a violent offender. We affirm because precedent clearly holds that a trial court is not responsible for designating in a final judgment whether a defendant is a violent offender.

Two decades ago, we held that a trial court properly denied Kentucky Rule of Civil Procedure (CR) 60.02(f) postconviction relief to a defendant who "argued that he has been incorrectly classified as a violent offender by the Department of Corrections, thus resulting in a longer period of time before he will be eligible for parole consideration than had he not been so classified." *Hoskins v. Commonwealth*, 158 S.W.3d 214, 217 (Ky. App. 2005). We explained that determining whether a defendant was a violent offender is a decision which "would be made by the Department of Corrections. The circuit court's only role is to make the factual determination set forth in KRS 439.3401(1)."[1] *Id.* at 217. We

---

[1] KRS 439.3401(2)(a), formerly KRS 439.3401(1), requires a court to designate in the final judgment whether the victim suffered death or a violent physical injury. The trial court here properly made that designation.

explained that an inmate dissatisfied with his or her parole eligibility calculation must "proceed against the Department of Corrections with an original action before the Franklin Circuit Court." *Id.*

*Hoskins* is not an outlier. For example, though it declined to directly address whether *Hoskins* was correctly decided, our Supreme Court has similarly held that "[t]ypically, the DOC is in charge of classifying inmates as violent offenders for purposes of parole. If the inmate takes issue with the classification, he must file an action against the DOC rather than argue the issue in his direct appeal." *Newcomb v. Commonwealth*, 410 S.W.3d 63, 90 n.93 (Ky. 2013). Similarly, our Supreme Court has declined a defendant's request "to order the Department of Corrections to classify him as a non-violent offender." *Mason v. Commonwealth*, 331 S.W.3d 610, 628 (Ky. 2011).

The result is that the trial court properly denied Bass's motion because the motion asked the trial court for relief the court was not authorized to provide. The Department of Corrections, not the sentencing court, initially determines whether an inmate is a violent offender. And the Department of Corrections has never been a party to this action. *Id*. at 629 (citing *Hoskins* and declining to order the Department of Corrections to amend its classification of a defendant since it was not a party to the action). If Bass is dissatisfied with his classification, he

must file an action against the Department of Corrections in the Franklin Circuit Court. *Newcomb*, 410 S.W.3d at 90 n.93; *Hoskins*, 158 S.W.3d at 217.

We therefore decline to address the remaining issues and citations to authority contained in the parties' briefs as they lack relevance or merit in resolving the limited issue properly before us. *Schell v. Young*, 640 S.W.3d 24, 29 n.1 (Ky. App. 2021).[2]

For the foregoing reasons, the Ballard Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Jeremy Ian Smith<br>Paducah, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | Shawn D. Chapman<br>Deputy Solicitor General<br>Frankfort, Kentucky |

---

[2] The Department of Corrections has apparently now classified Bass as a violent offender. We decline to address that decision as it occurred after the issuance of the judgment on appeal and was made by an entity which has never been a party to this action. *Mason*, 331 S.W.3d at 629. We reiterate that if Bass wishes to challenge the Department of Corrections' classification of him as a violent offender, he must file an action against that agency in the Franklin Circuit Court.