RENDERED: FEBRUARY 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1480-MR

CHRISTOPHER CLAXTON                                                 APPELLANT

v.            APPEAL FROM OLDHAM CIRCUIT COURT
          HONORABLE JERRY CROSBY, II, JUDGE
                 ACTION NO. 12-CR-00071

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Christopher Claxton, *pro se*, appeals from an

order which denied his motion to amend his sentence.  Appellant argues that the

Department of Corrections has incorrectly calculated his parole eligibility date, and

the trial court should have corrected this error.  The Commonwealth argues that the

trial court did not need to amend the sentence because it was correct.  The

Commonwealth also argues that Appellant should raise this issue by bringing an

original action directly against the Department of Corrections. We agree with the Commonwealth and affirm.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2012, Appellant was indicted for escape in the first degree,[1] possession of a handgun by a convicted felon,[2] assault in the third degree,[3] and being a persistent felony offender in the first degree.[4] On May 15, 2013, Appellant entered into a plea agreement wherein he would plead guilty to the charges, but the persistent felony offender status would be amended to second degree. He would receive a sentence of ten years in prison for each offense and those charges would run concurrently with each other, but consecutively to the previous sentences he was already serving. The trial court accepted the plea agreement and Appellant was sentenced accordingly. Appellant argues that his counsel, the Commonwealth Attorney, and the trial judge all informed him that he would be eligible for parole after serving twenty percent of his ten-year sentence, which would be two years.[5]

---

[1] Kentucky Revised Statutes (KRS) 520.020.

[2] KRS 527.040.

[3] KRS 508.025.

[4] KRS 532.080.

[5] This two-year period would start to run only after he became parole eligible for his previous sentences.

On July 24, 2024, Appellant moved to amend or clarify his sentence. He argued that the Department of Corrections informed him that he would have to serve two consecutive years for each offense, not two years total, before becoming eligible for parole. In other words, instead of serving two years before becoming eligible for parole for these offenses, he would have to serve six years. Appellant claims that the Department of Corrections believed that the judgment and sentence stated that the three offenses were to run consecutively instead of concurrently. Appellant requested that the court amend or clarify the sentence so as to show that the charges were to run concurrently.

After reviewing the record, the trial court declined to amend the sentence, but clarified that the sentence did indeed order that the three charges run concurrently to each other. The court indicated that the issue is likely 501 KAR[6] 1:030 Section 3(4), which requires that the Department of Corrections calculate parole eligibility differently under certain circumstances. As it relates to this case, 501 KAR 1:030 Section 3(4)(a) states that, for purposes of parole eligibility calculation, prison sentences for the crime of escape and crimes committed while on escape will run consecutively regardless of whether the sentences were ordered to run consecutively or concurrently by the court. The court held that, since the sentence was correct, it could not amend it. This appeal followed.

---

[6] Kentucky Administrative Regulations.

## ANALYSIS

On appeal, Appellant argues that he was misled into pleading guilty, would not had pleaded guilty had he known he would not be eligible for parole after two years, and that the circuit court should have ordered the Department of Corrections to follow the terms of the sentence. The Commonwealth argues that the trial court did not err because the sentence was correct and that Appellant would need to bring an original action against the Department of Corrections if he believes the department is acting erroneously.

We agree with the Commonwealth. Appellant moved to amend or clarify his sentence. The trial court could not amend the sentence because it was correct; however, the court did clarify that the three, ten-year sentences were to run concurrently. If Appellant believes the Department of Corrections is miscalculating his parole eligibility date, he would need to bring an original action against the department. *Hoskins v. Commonwealth*, 158 S.W.3d 214, 217 (Ky. App. 2005). In addition, if Appellant believes he was misled by his trial attorney or that the counsel he received was ineffective, he could possibly file a Kentucky Rules of Criminal Procedure (RCr) 11.42 action seeking to vacate his sentence altogether.

## CONCLUSION

Based on the foregoing, we conclude that the order on appeal was not erroneous.  Appellant may still believe he is being wronged by the Department of Corrections, but he has other ways in which to seek a judicial remedy.  A motion to amend his sentence was not the appropriate avenue for such.

ALL CONCUR.

BRIEF FOR APPELLANT:

Christopher Claxton, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky