RENDERED: FEBRUARY 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2025-CA-0112-MR

JEREMY BELL APPELLANT

v.

APPEAL FROM RUSSELL CIRCUIT COURT
HONORABLE SARA B. GREGORY, JUDGE
ACTION NO. 11-CR-00095

COMMONWEALTH OF KENTUCKY
AND COOKIE CREWS, ET AL APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, KAREM, AND MCNEILL, JUDGES.

MCNEILL, JUDGE: Jeremy Bell, *pro se*, appeals from an order of the Russell

Circuit Court that denied his motion seeking a court order instructing the

Department of Corrections ("DOC") to apply various credits to Bell's sentence he

insists he earned while on sex-offender postincarceration supervision ("SOPS").

We affirm the Russell Circuit Court.

## Factual and Procedural Background

Bell was indicted in 2011 by a Russell County Grand Jury on fourteen counts of second-degree sodomy and one count of fourth-degree sodomy. Pursuant to a plea agreement, the Commonwealth dismissed the one count of fourth-degree sodomy. Bell entered a guilty plea to the remaining indicted offenses and was sentenced to a total of twelve-years' imprisonment on November 27, 2012. He was released from prison on or about October 2, 2021. Because Bell's offenses were designated as sex crimes, he was subject to a five-year period of SOPS upon release. KRS[1] 532.043. For reasons that are unclear from the record before us, Bell's SOPS was revoked in October 2024, and he returned to prison.

Shortly after returning to prison, Bell filed a *pro se* "petition" against the DOC in the existing underlying criminal action entitled, "Petition for Respondents to Give Statutory Good Time, Work Credit, and Meritorious Good Time to Petitioner." According to the certificate of service, a copy was provided to the DOC. Notably, however, the DOC was never a party to the criminal action, and did not file a response. On December 17, 2024, the circuit court entered an

---

[1] Kentucky Revised Statute.

order denying what it called Bell's motion, rather than petition, and addressed his arguments on the merits. This appeal followed.

Shortly after filing his "petition" in the criminal action, Bell filed a separate, original petition in Franklin Circuit Court[2] seeking the same relief (*i.e.*, credits he believes he obtained while on SOPS). Therein, the DOC was a named party and filed a response and motion to dismiss. On April 16, 2025, the Franklin Circuit Court dismissed the action.[3] Bell did not appeal.

**Standard of Review**

Bell asks for palpable error review. At least one of his arguments is unpreserved.

> [A]n unpreserved error merits relief only if it is so fundamental as to threaten a defendant's entitlement to due process of law . . . . When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process.

*Yates v. Commonwealth*, 586 S.W.3d 249, 251 (Ky. App. 2019) (internal quotation marks and citation removed).

---

[2] *See* Franklin County Case No. 24-CI-01249.

[3] "A court may properly take judicial notice of public records and government documents, including public records and government documents available from reliable sources on the internet." *Polley v. Allen*, 132 S.W.3d 223, 226 (Ky. App. 2004) (footnote omitted).

Bell's other arguments pertain to conclusions of law entered by the circuit court. "We review the trial court's conclusions of law de novo." *Commonwealth v. Smith*, 542 S.W.3d 276, 280 (Ky. 2018) (citation omitted).

**Analysis**

We begin by noting the position of the DOC, who contends the underlying proceedings, as well as this appeal, are procedurally improper. First, the DOC was never a party to the underlying criminal action. Second, there is substantial caselaw that provides that an inmate's challenge to sentence calculation and custody credits decided by the DOC is accomplished via a separate civil action. *See, e.g.*, *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997); *Hoskins v. Commonwealth*, 158 S.W.3d 214 (Ky. App. 2005); *Mason v. Commonwealth*, 331 S.W.3d 610, 628 (Ky. 2011). In fact, Bell *did* file a separate civil action against the DOC, which was dismissed and became final without an appeal. While we do not disagree with the DOC's position, the trial court in the instant action—who did not have the benefit of the DOC's arguments before it as we do—did address the merits of Bell's arguments. We do, however, take judicial notice of the trial court's order in Franklin County Case No. 24-CI-01249, which dismissed Bell's petition because he has not exhausted the administrative remedies available to him for challenging his custody credit, pursuant to KRS 454.415.

Turning to Bell's arguments, he contends KRS 439.268(1)(c) is applicable. This argument is unpreserved. The statute is entitled "Probation Program Credit" and provides, in relevant part only, "(1) Any supervised individual on probation, probation with an alternative sentence, or conditional discharge shall receive credit on his or her sentence for . . . (c) Work-for-time credit, which shall be applied for any public employment, at the same rates as calculated pursuant to KRS 197.047." The statute is inapplicable. Bell was not on probation when he was employed. Rather, he was on SOPS. The Kentucky Supreme Court recently endeavored to explain the difference:

> Postincarceration supervision is a novel statutory creation that does not fit perfectly within the traditional categories of probation and parole as they relate to the underlying judgment of conviction and sentence. [*McDaniel v. Commonwealth*, 495 S.W.3d 115, 120 (Ky. 2016)]. When KRS 532.045 was originally enacted, it referred to postincarceration supervision as "conditional discharge" which operated as "a sort of probation/parole hybrid." *McDaniel*, 495 S.W.3d at 120. We explained further, "[l]ike parole, the defendant's discharge came after judicial proceedings had ceased and jurisdiction expired, and the conditions of discharge were specified by the Department of Corrections." *Id.*

*Rushin v. Commonwealth*, 701 S.W.3d 293, 298 (Ky. 2024).

In other words, probation is specified by the trial court; postincarceration supervision is specified by the DOC. Bell was not on probation.

Therefore, the statute argued by Bell is inapplicable and we discern no palpable error.

Bell also argues he is entitled to receive credit pursuant to KRS 197.045 and *Rushin*, 701 S.W.3d 293. We agree with the trial court that he is not. KRS 197.045 provides, in relevant part only,

> (1) Any person convicted and sentenced to a state penal institution*:*
>
>> (a) Shall receive a credit on his or her sentence for:
>>
>>> 1. Prior confinement as specified in KRS 532.120;
>>>
>>> 2. Successfully receiving a High School Equivalency Diploma or a high school diploma, a college degree, a completed vocational or technical education program, or a correspondence postsecondary education program which results in a diploma or degree, as provided, defined, and approved by the department in the amount of ninety (90) days per diploma, degree, or technical education program completed;
>>>
>>> 3. Successfully completing a drug treatment program, evidence-based program, or any other promising practice or life skills program approved by the

department, in the amount of not more than ninety (90) days for each program completed. The department shall determine criteria to establish whether a life skills or promising practice program is eligible for sentence credits. Programs shall demonstrate learning of skills necessary for reintegration into the community to minimize barriers to successful reentry. Approval of programs shall be subject to review by the cabinet[.]

Bell argues he is entitled to credit for working while on SOPS and for completing a sex offender treatment program ("SOTP") during the same time. In *Rushin*, the defendant was released on postincarceration supervision which was eventually revoked and he returned to prison. Rushin insisted he was entitled to credits *earned after he was returned to incarceration* for violating his postincarceration supervision. Our highest court determined Rushin was eligible to receive credits pursuant to KRS 197.045 upon reincarceration. *Rushin*, 701 S.W.3d at 300. The instant action is distinguishable. Bell is seeking credit for tasks completed while on SOPS, not during his period of reincarceration. He fails to point to a statute or caselaw that is applicable to his situation. We therefore discern no error on the part of the trial court.

We also agree with the trial court that there are other statutes at play that prevent Bell from receiving credits. Pursuant to KRS 439.3401(1)(a)3., he is a violent offender. KRS 439.3401(5) provides that "[a] violent offender shall only be awarded credit on his or her sentence authorized by KRS 197.045(1)(a)1." In other words, Bell would only be entitled to credit for prior confinement, not for being employed or completing SOTP while on SOPS. Moreover, KRS 197.047(6)(b) provides that an inmate shall not receive work credit if he is serving a "[s]entence for a violent offense as defined in KRS 439.3401[.]" We again discern no error by the trial court.

## Conclusion

Accordingly, for the reasons stated herein, the order of the Russell Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeremy Bell, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE
KENTUCKY DEPARTMENT OF
CORRECTIONS:

Robert Chaney
Frankfort, Kentucky