RENDERED:  JUNE 12, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0229-MR

COMMONWEALTH OF KENTUCKY                      APPELLANT

v.          APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 23-CR-00368

SIMEYON J. JOHNSON                             APPELLEE

AND

NO. 2025-CA-0745-MR

COMMONWEALTH OF KENTUCKY                      APPELLANT

v.          APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 23-CR-00368

SIMEYON J. JOHNSON                             APPELLEE

<u>OPINION</u>
<u>REVERSING AND REMANDING</u>

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE: In this consolidated appeal, the Commonwealth of Kentucky, via the Attorney General, appeals one order and one judgment and sentence of the Franklin Circuit Court. The order held that an amendment to Kentucky Revised Statutes (KRS) 439.3401 did not apply to Simeyon Johnson (Appellee), and the judgment and sentence also stated that the amendment to KRS 439.3401 did not apply to Appellee. We believe that the trial court erroneously ruled that the amendment to KRS 439.3401 did not apply to Appellee. The trial court should not have undertaken the issue in this criminal case, and Appellee should have brought a separate declaratory action against the Department of Corrections (DOC). We reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

On December 3, 2023, Appellee was indicted for the murder[1] of Thomas Wideman. A mediation occurred in September of 2024, during which the Commonwealth and Appellee reached a tentative plea agreement. Under the

---

[1] KRS 507.020.

agreement, Appellee would plead guilty to second-degree manslaughter[2] and the Commonwealth would recommend a ten-year sentence. The parties' understanding at that time was that Appellee would not be classified as a violent offender for parole purposes and would have to serve twenty percent of his sentence before he became eligible for parole.

KRS 439.3401 is the statute detailing parole eligibility criteria and sets forth what crimes are considered violent offenses. The current version of the statute, which went into effect on July 15, 2024,[3] states in relevant part:

> (1) As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the:
>
> > (a) Commission or attempted commission of:
> >
> > > 1. A capital offense;
> > >
> > > 2. A Class A felony; or
> > >
> > > 3. A felony sexual offense described in KRS Chapter 510; or
> >
> > (b) Commission of:
> >
> > > 1. A felony involving the death of the victim or serious physical injury to a victim[.]

---

[2] KRS 507.040.

[3] The amended version of the statute went into effect after the commission of the crime, but before Appellee entered into the plea agreement.

Second-degree manslaughter is a Class C felony involving the death of a victim or serious physical injury to a victim; therefore, under the current version of the statute, Appellee would be classified as a violent offender pursuant to KRS 439.3401(1)(b)1. As a violent offender, Appellee would not be eligible for parole until he has served eighty-five percent of his sentence. KRS 439.3401(4). Under the version of KRS 439.3401 as it was at the time of the commission of the crime, KRS 439.3401(1)(b)1. stated that a violent offender was someone who committed "[a] Class B felony involving the death of the victim or serious physical injury to a victim[.]" Second-degree manslaughter would not fit this definition as it is a Class C felony and Appellee would not be classified as a violent offender; therefore, he would be eligible for parole after serving twenty percent of his sentence. 501 KAR[4] 1:030 Section 3.[5]

After the mediation, but before Appellee pleaded guilty, the DOC released a Calculation of Parole Eligibility chart that listed when offenders who committed certain crimes became eligible for parole. That document indicated that people <u>sentenced</u> after July 15, 2024, which is the effective date of the current version of KRS 439.3401, would be subject to the new terms of that statute. This

---

[4] Kentucky Administrative Regulation.

[5] At the time of writing this Opinion, this regulation is being amended to address the amendments to KRS 439.3401.

would mean that Appellee would have to serve eighty-five percent of his sentence before he became eligible for parole, and not twenty percent as he believed.

On December 2, 2024, Appellee moved for declaratory judgment in his criminal case. He sought to determine if the amended version of KRS 439.3401 would apply to him or the version in effect at the time he committed the crime. Appellee argued applying the amended version to him would be an impermissible *ex post facto* violation. Appellee served a copy of this motion on the Attorney General and the DOC. The Attorney General and DOC then responded to the motion. Aside from arguing the merits, they also raised issues regarding standing, ripeness, and that Appellee should have brought a separate declaratory action against the DOC because the DOC is not a party to the criminal case.

On February 18, 2025, the trial court entered an order which held that applying the amended version of the statute to Appellee would be an *ex post facto* violation and that, should he plead guilty to second-degree manslaughter, he would be eligible for parole after serving twenty percent of his sentence. The Attorney General then appealed that order.

Soon thereafter, Appellee entered a guilty plea for second-degree manslaughter conditioned on applying the parole eligibility statute in effect at the time he committed the crime. The court accepted the plea agreement and entered a

judgment and sentence. That judgment stated that Appellee's parole eligibility would be controlled by the language of KRS 439.3401 as it existed at the time of the commission of the crime and Appellee would be eligible for parole after serving twenty percent of his sentence. The judgment also indicated that, should the DOC fail to adhere to the twenty percent parole eligibility or this Court reverse the order and judgment, then Appellee would be able to move to withdraw his guilty plea. The Attorney General then appealed the judgment and sentence. There was some motion practice during the early stages of this appeal; however, other than the consolidation of the two appeals, those motions are ultimately irrelevant for the purposes of this Opinion.

## ANALYSIS

The Commonwealth raises multiple issues in its appeals, but we believe one is determinative of the outcome. Appellee's seeking a declaratory judgment in his criminal case regarding his classification as a violent offender was procedurally incorrect. The DOC is the entity that classifies a criminal defendant as a violent offender or not. *Pate v. Department of Corrections*, 466 S.W.3d 480, 483-84 (Ky. 2015), *overruled on other grounds by Lee v. Kentucky Department of Corrections*, 610 S.W.3d 254 (Ky. 2020). The DOC was not a party to the underlying criminal case; therefore, the trial court should have declined to take any action against the DOC's classification of violent offenders. KRS 418.075.

When a criminal offender has an issue with how he or she is being classified for parole purposes, the offender must bring a separate declaratory action against the DOC in the Franklin Circuit Court. *Mason v. Commonwealth*, 331 S.W.3d 610, 629 (Ky. 2011); *Hoskins v. Commonwealth*, 158 S.W.3d 214, 217 (Ky. App. 2005); *Bass v. Commonwealth*, No. 2025-CA-0615-MR, 2026 WL 119498, at *2 (Ky. App. Jan. 16, 2026).[6] This is the proper procedure and has been so for decades. We are obliged to follow precedent.

Before we conclude this Opinion, we must acknowledge the case of *Rushin v. Commonwealth*, 701 S.W.3d 293 (Ky. 2024). In *Rushin*, Darrie Rushin pleaded guilty to a number of crimes in 2014.

> In May 2021, Rushin requested the [DOC] to review his sentence calculation arguing he had been wrongfully denied sentence credit that would reduce the length of his reincarceration. The DOC denied Rushin's request, and his subsequent administrative appeal was also denied. Rushin thereafter filed a motion in his underlying criminal case seeking declaratory and injunctive relief.

*Id.* at 297 (footnote omitted). The Kentucky Supreme Court noted a similar procedural mistake as the one in this case, but still reviewed the merits of the case. The Court held:

---

[6] *Bass v. Commonwealth* is cited pursuant to Kentucky Rules of Appellate Procedure (RAP) 41. *Bass* concerns the same issue regarding the use of the amended version of KRS 439.3401 and comes to the same conclusion that the defendant must bring a separate action against the DOC to challenge his violent offender classification.

> As the Court of Appeals noted, an inmate's challenge to sentence calculation and custody credits is usually accomplished via a separate civil action. *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997); KRS 454.415. However, because the DOC participated at all stages of the current dispute without raising any procedural or jurisdictional arguments beyond its separation-of-powers argument, and because we perceive the courts below to have properly exercised subject-matter jurisdiction, we agree with the Court of Appeals that review on the merits is appropriate.

*Id.* at 297 n.1.

*Rushin* is distinguishable from the case at hand. In the case *sub judice*, jurisdictional issues were raised in the court below. Additionally, the Attorney General raised the issue of the separate civil action against the DOC in order for the DOC to be made a party. Finally, while the DOC did respond to Appellee's declaratory judgment motion, that is all it did and we do not equate this with the DOC in *Rushin* participating "at all stages of the current dispute[.]" *Id.* *Rushin* being distinguishable for the preceding reasons, we decline to follow its lead and judge this case on the merits.

## CONCLUSION

Based on the foregoing, we reverse and remand. The trial court should not have ruled on Appellee's declaratory judgment motion because the DOC was not a party to the criminal action. Appellee will need to file a separate action pursuant to *Mason* and *Hoskins*.

-8-

ALL CONCUR.

BRIEFS FOR APPELLANT:

Russell Coleman
Attorney General of Kentucky

Shawn D. Chapman
Deputy Solicitor General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Timothy G. Arnold
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky